# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| DARRELL COPPER, | : | CRIMINAL NO. |
| Movant, | : | 1:02-CR-0377-JEC-GGB-3 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-3968-JEC-GGB |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | MOTION TO VACATE |
| | : | 28 U.S.C. § 2255 |

## **FINAL REPORT AND RECOMMENDATION**

Movant, Darrell Copper, has filed a motion to vacate sentence under 28 U.S.C. § 2255. [Doc. 359]. Presently before me for consideration are: Movant's § 2255 motion to vacate [Doc. 359]; the United States of America's (hereinafter "Government's") response to the motion to vacate [Doc. 363]; and Movant's "rebuttal" to the Government's response [Doc. 364]. For the reasons discussed below, I recommend that the Court deny the motion to vacate.

I. Background

On April 8, 2003, a federal grand jury in this Court returned a two-count superseding indictment charging Movant, along with four other co-defendants, with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951. [Doc. 81]. The indictment also charged all five co-defendants with carrying and

using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). [*Id.*].

On August 23, 2010, Movant entered a negotiated plea of guilty to the robbery conspiracy charged in Count One of the superseding indictment.[1] [Doc. 354]. Movant's written plea agreement entered into with the Government waived his right to appeal or collaterally attack his sentence. [Doc. 354-1 at 8]. However, Movant reserved the right to appeal an upward departure or a variance from the sentencing guideline range as calculated by the Court. [*Id.*]. Movant also reserved his right to appeal if the Government appealed the sentence. [*Id.*].

On November 12, 2010, the Court sentenced Movant to 97 months of imprisonment, the low end of the Guidelines range. [Docs. 358, 362 at 31]. The Court also ordered that Movant be placed on supervised release for three years. [*Id.*]. Movant did not file a direct appeal of his conviction or sentence.

---

[1]Soon after the robbery, Movant left the Atlanta area, because he feared for his safety. [Doc. 362 at 16]. Movant was located and arrested almost eight years later on March 29, 2010, in Columbia, Tennessee. [Doc. 327].

AO 72A
(Rev.8/82)

On November 10, 2011, Movant timely filed a motion to vacate under 28 U.S.C. § 2255,[2] raising the following grounds for relief:

1. ineffective assistance of counsel because counsel failed to object to inaccurate facts contained in the Presentence Investigation Report ("PSR");

2. ineffective assistance of counsel because counsel failed to investigate and present mitigating information at sentencing; and

3. Movant's sentence creates an unwarranted sentencing disparity among his co-defendants.

[Doc. 359].

II. Standard of Review

Under § 2255, individuals sentenced by a federal court can attack the sentence imposed by claiming one of four different grounds: "(1) that the sentence was

---

[2]A section 2255 motion must be filed within a one-year period running from the latest of four dates outlined in the statute, the applicable one in this case being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because Movant did not file a direct appeal, his conviction became final fourteen (14) days after the Court entered the judgment in his case. *See* Fed. R. App. P. 4(b)(1)(A). The judgment was entered in Movant's case on November 16, 2010, and his conviction became final on November 30, 2010. Therefore, Movant's § 2255 motion was due on November 30, 2011. Movant appears to have signed his motion on November 10, 2011, and it was filed in this Court on November 16, 2011. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (holding that, under the prison mailbox rule applicable to *pro se* prisoner filings, a § 2255 motion is deemed filed on the date the prisoner signed it). Therefore, Movant's motion was timely filed.

3

imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962); *see generally United States v. Hayman*, 342 U.S. 205 (1952). "To obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Movant must establish that the facts surrounding his claim present "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Bowen v. Johnston*, 306 U.S. 19, 27 (1939).

This Court may deny § 2255 relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Long v. United States*, 883 F.2d 966, 968 (11th Cir. 1989). Under § 2255, however, an evidentiary hearing is required when the Court cannot determine from the record that the prisoner is entitled to no relief. *Diaz v. United States*, 930 F.2d 832, 834 (11th Cir. 1991). As discussed below, the motion and record of the case conclusively show that Movant is not entitled to relief or to an evidentiary hearing.

4

III. Discussion

The Government contends that the claims raised by Movant in his motion should not be entertained by the Court because Movant, in the negotiated plea agreement, waived the right to collaterally attack his sentence. The waiver signed by Movant states:

**Limited Waiver of Appeal**

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, the Defendant may file a cross-appeal of that same sentence.

[Doc. 354-1 at 8].

A defendant who enters into a plea agreement may waive his right to appeal or collaterally challenge his sentence, and the waiver will be enforced if it is made knowingly and voluntarily. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). "One of

5

the keys to enforcing a sentence appeal waiver is that the defendant knew he had a 'right to appeal his sentence and that he was giving up that right.'" *Bushert*, 997 F.2d at 1350 (quoting *United States v. Rutan*, 956 F.2d 827, 830 (8th Cir. 1992)). The Eleventh Circuit has held that an appeal waiver "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." *United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005). Furthermore, "[a] defendant may not attack the effectiveness of his sentencing counsel where there is a valid sentence appeal waiver in effect that prohibits a direct or collateral challenge on any ground." *United States v. Wilson*, 445 F. App'x 208, 208 (11th Cir. 2011) (citing *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005)).

At the plea hearing, the Court reviewed with Movant the rights that he was giving up by pleading guilty, and Movant acknowledged that he had signed the plea agreement, understood it, had reviewed it with his attorney, and that there were no other agreements or promises. [Doc. 363-1 at 5-9, 15-16, 21]. Movant also indicated that he was satisfied with his attorney's advice, that he had enough time to talk with his attorney about his decision to plead guilty, and that his attorney had discussed

6

with him the pros and cons of pleading guilty versus going to trial. [*Id.* at 13].
Movant also agreed with the prosecutor's factual description of his involvement in the crime, and he indicated that he was pleading guilty freely and voluntarily. [*Id.* at 14-15]. The Court reviewed the maximum penalty for Movant's offense and informed Movant that if the Court imposed a sentence that he did not like he would not be able to withdraw his plea. [*Id.* at 25]. The Court found that there was a factual basis for the plea and accepted Movant's guilty plea. [*Id.* at 30].

In addition, the Court specifically addressed the negotiated appeal waiver with Movant during the Rule 11 plea colloquy as follows:

> THE COURT: Under federal law you are entitled to appeal your sentence if you want to, but just as with a trial you can give up a trial and plead guilty, well you can give up your appeal of a sentence if you think that makes sense under the circumstances.
>
> So what you are giving up is the right to appeal this conviction and sentence, the right to – the legal words are "collaterally attack it." That means the right to challenge it in any way under any name at any time in the future, habeas, whatever you want to call it, that there is just going to be no challenge of this sentence or conviction down the road, except if I were to go higher than the guidelines that we have just talked – higher than the guidelines I calculate, then you could appeal, but if I stay within whatever the guideline range is and don't go higher, or if the Government doesn't appeal, then you don't get to appeal.
>
> Now, do you understand that?

7

> THE DEFENDANT: Yes, I do.
>
> THE COURT: What it means practically is I am pretty much the final decision maker. I probably am the final decision maker. There won't be any other court to go to. It will be me who is deciding your fate. Do you understand that?
>
> THE DEFENDANT: Yes.

[Doc. 363-1 at 26].

It is clear from the record that Movant knowingly and voluntarily waived his right to appeal and collaterally challenge his sentence. Movant specifically acknowledged by signing the plea agreement and a separate certification that he understood that the appeal waiver in the plea agreement would prevent him, with the narrow exceptions stated, from appealing his conviction and sentence or challenging them in any post-conviction proceeding. [Doc. 354-1 at 8, 10]. Further, the Court explained to Movant during the plea colloquy that he was waiving his right to collaterally attack his sentence, and Movant indicated that he understood that he had waived that right. [Doc. 363-1 at 26]; *see United States v. Stevenson*, 131 F. App'x 248, 250 (11th Cir. May 12, 2005) (holding that, for a waiver to be valid, "during the plea colloquy, the district court must at least refer to the fact that the defendant is

8

waiving his rights to appeal his sentence under most or certain circumstances"). Thus, Movant's waiver is valid.

When a movant challenges the constitutionality of his conviction or sentence after having waived the right to do so in a plea agreement, "the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Finding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing," the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

Here, Movant's ineffective assistance of counsel claims with regard to his sentencing do not relate to the negotiation of the plea or waiver. Thus, Movant's claims in his motion are barred from review by the waiver. *See United States v. Smith*, 371 F. App'x 901, 904 (10th Cir. 2010) (holding defendant's claim that his

AO 72A
(Rev.8/82)

trial counsel was ineffective for failing to object to PSR was within scope of appellate waiver contained in his plea agreement).

IV. <u>Additional Untimely Claim Raised in Movant's "Rebuttal"</u>

In his "rebuttal" or reply to the Government's response to his motion, Movant raises a new claim that his counsel was ineffective for failing to file an appeal after Movant requested counsel to do so. [Doc. 364]. Movant's reply was executed on April 19, 2012. [*Id.*]. As previously noted, Movant's § 2255 motion is timely. However, Movant's reply was filed after the one-year limitation period expired on November 30, 2011. Movant's new ineffective assistance claim raised in his reply is therefore untimely unless it relates back to his first filing. *See* Fed. R. Civ. P. 15(c)(1)(B) (allowing relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading").

The Supreme Court has stated that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Nevertheless, an amended claim "does not relate back (and thereby escape [the] one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and

10

type from those the original pleading set forth." *Id.* at 650. Furthermore, "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005) (citing *Davenport v. United States*, 217 F.3d 1341, 1346 (11th Cir. 2000); *United States v. Duffus*, 174 F.3d 333, 337 (3rd Cir. 1999)).

Here, the claims raised in Movant's § 2255 motion relate to counsel's alleged ineffectiveness at sentencing. Movant's new claim raised in his reply relates to counsel's alleged ineffectiveness in failing to file an appeal when requested to do so, which arises from "different conduct and transactions" than the claims raised in the original motion. *United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (holding that ineffective assistance claim that counsel failed to file an appeal did not relate back to original claims regarding sentencing enhancements and lack of jurisdiction). *See also Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010) (holding that subsequent claim did not relate back to original filing where original claim in § 2255 motion asserted ineffective assistance claim related to negotiating with government for substantial assistance recommendation at sentencing whereas

11

subsequent claim concerned whether prisoner had proper notice of government's intent to seek enhancement, and of possible statutory penalty, at time he decided to plead guilty). Thus, Movant's new claim raised in his reply does not relate back to his § 2255 motion and is untimely.

V. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Movant has failed to make a substantial showing of the denial of a constitutional right. Movant waived his right to collaterally attack his sentence, and

his ineffective assistance of counsel claims at sentencing are precluded by the waiver. Accordingly, **I RECOMMEND** that a COA be **DENIED**.

VI. Conclusion

Based on the foregoing, **I RECOMMEND** that Movant Darrell Copper's motion to vacate sentence [Doc. 359] be **DENIED**.

**I FURTHER RECOMMEND** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to me.

**IT IS SO RECOMMENDED**, this 17th day of October, 2012.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

13