```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                        ATLANTA DIVISION

DARRELL COPPER,                  :    MOTION TO VACATE
        Movant,                  :    28 U.S.C. § 2255
                                 :
     v.                          :    CRIMINAL INDICTMENT NO.
                                 :    1:02-cr-0377-JEC-GGB-3
UNITED STATES OF AMERICA,        :
     Respondent.                 :    CIVIL FILE NO.
                                 :    1:11-cv-3968-JEC
```

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Movant's *pro se* 28 U.S.C. § 2255 motion, ([359]), and reply, in which he attempts to amend, ([364]); the Magistrate Judge's Final Report and Recommendation, which recommends that the § 2255 motion and a certificate of appealability (COA) be denied, ([366]); and Movant's objections, ([368]).

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009)(quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988))(internal quotation marks omitted). Absent proper objection,

AO 72A
(Rev.8/82)

the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," FED. R. CIV. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

## I. DISCUSSION

In his § 2255 motion, movant claims that his sentencing counsel was ineffective for failing to object properly to the Presentence Investigation Report and for failing to investigate and present evidence at sentencing and also claims that he received a disparate sentence. (*See* [366] at 3.) In his April 19, 2012 reply, movant attempts to amend and add a claim that counsel was ineffective for failing to file a direct appeal as requested by Movant. (*See id.* at 10.)

The Magistrate Judge has found that movant's § 2255 motion is timely but that his attempt to amend fails because it was submitted for filing more than a year after movant's conviction became final on November 30, 2010 and because it does not relate back to any of his timely filed claims. (*Id.* at 3 n.2, 10-12.) The Magistrate Judge recommends that movant's timely claims fail because "it is clear from the record that movant knowingly and voluntarily waived his right to

2

AO 72A
(Rev.8/82)

appeal and collaterally challenge his sentence" and his claims are barred by a valid appeal waiver. (*Id.* at 8-9.)

Movant objects (1) that the Magistrate Judge "improperly suggests that this Court should deny relief" and (2) that she states that his attempt to amend is untimely although his claim is "crutial [sic]." ([368].)  Movant fails to identify and challenge, with specificity, any portion of the Magistrate Judge's detailed reasoning on the validity and effect of his appeal waiver and the untimeliness of his attempt to amend, as is required for efficient review of a final recommendation.  *See Schultz*, 565 F.3d at 1361 ("It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specially consider. This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.").  Absent a specific objection, the Court has reviewed the Magistrate Judge's recommendation for clear error and finds none.

## II. CONCLUSION

Accordingly, **IT IS ORDERED** that movant's objections [368] to the Magistrate Judge's Final Report and Recommendation are **OVERRULED** and that the Magistrate Judge's Final Report and Recommendation [366] is **ADOPTED** as the Order of the Court.

3

**IT IS ORDERED** that this § 2255 motion [359] and a certificate of appealability are **DENIED**.

**IT IS SO ORDERED** this 26th day of April, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)